IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES ERDMANN,**

        **Petitioner,**

v.

**FREDERICK ENTZEL,**

        **Respondent.**

**Civil Action No.: 3:19-CV-15 (GROH)**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On February 6, 2019, Petitioner, an inmate incarcerated at Hazelton FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary procedure, along with a memorandum in support thereof, and various exhibits. ECF Nos. 1, 1-1 through 1-4.[1] On April 12, 2019, the Respondent filed a motion to dismiss and memorandum in support thereof with exhibits attached thereto. ECF Nos. 14, 15, 15-1, 15-2. A Roseboro notice was issued April 22, 2019. ECF No. 16. Petitioner filed a response on May 15, 2019, with several exhibits. ECF Nos. 18, 18-1 through 18-13. Respondent filed a reply on May 29, 2019. ECF No. 19.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:19-CV-15, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Prison Disciplinary Proceedings

Petitioner is currently an inmate at Federal Medical Center Butner in Butner, North Carolina. ECF No. 23. At the time Petitioner filed the instant petition he was an inmate at Hazelton FCI serving a 228 month term of imprisonment as a result of his conviction in the District of North Dakota, Eastern Division, case number 3:15-CR-80. In that case Petitioner was convicted upon his plea of: (1) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (2) Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 846. D.N.D. 3:15-CR-80, ECF Nos. 29, 44–46, 60.

Previously, Petitioner was incarcerated at FCI Allenwood in White Deer, Pennsylvania from March 19, 2018 until July 2, 2018. ECF Nos. 1-1 at 1, 15 at 1. On April 19, 2018, at approximately 8:45 a.m., while performing a cell search, officers found needles, razor blades, a thumb tack, and a battery pack in Petitioner's secured locker. ECF No. 15-1 at 15. This was documented in incident report number 3114551, which charged Petitioner with a violation of Prohibited Act Code ("Code") 108, Possession of a Hazardous Tool. Id.

On April 19, 2018, Petitioner was given notice of a hearing before the Discipline Hearing Officer ("DHO") for May 31, 2018. ECF No. 15-1 at 21. Petitioner was advised of his rights related to the hearing before the DHO on April 24, 2018. Id. At the DHO hearing, Petitioner admitted to having a thumbtack and razors. Id. The DHO found him guilty of a violation and wrote in his report that:

> Ultimately, the DHO found the discovered sharpened items in this case better fit a code 104 charge, rather than the potential escape related hazardous contraband, code 108 infraction. Adequate notice was served in this case in reference to the charge amendment, due to officer Stroble's description of the discovered contraband. Razor blades in a prison setting are often utilized by inmates as improvised weapons.

ECF No. 15-1 at 22. As a result of his conviction, Petitioner was sanctioned to 30 days of disciplinary segregation, 40 days loss of good conduct time, 6 months loss of commissary privileges, and 6 months loss of phone. Id. Petitioner filed four administrative reviews of incident report number 3114551.

The first of those administrative remedies was received on July 30, 2018, and rejected on August 2, 2018. ECF No. 18-3. The rejection notice advised Petitioner that regional appeal was being rejected for five listed reasons: (1) Petitioner was only permitted to submit one continuation page; (2) Petitioner's appeal was untimely; (3) Petitioner failed to provide staff verification stating the untimely filing was not his fault; (4) pages 3 and 4 of Petitioner's BP 10 form were not legible; and (5) Petitioner was permitted to resubmit his appeal in the proper form within 10 days of the rejection notice. Id.

On August 13, 2018, Petitioner filed a second regional administrative remedy appeal, which was received by the Mid-Atlantic Regional Office on August 20, 2018. ECF No. 18-4 at 3. That appeal was rejected on August 30, 2018, for two listed reasons: (1) Petitioner's appeal was untimely; and (2) Petitioner failed to provide staff verification stating the untimely filing was not his fault. Id.

Petitioner prepared a third regional administrative remedy appeal on October 26, 2018. ECF No. 18-7 at 2. That appeal was received on November 6, 2018, and rejected on November 8, 2018. Id. at 4. The rejection notice advised Petitioner that his regional

3

appeal was being rejected because: (1) Petitioner did not provide a copy of the DHO report he wished to review; (2) Petitioner filed his request or appeal at the inappropriate level; and (3) that Petitioner was permitted to resubmit his appeal in the proper form within 10 days of the rejection notice.  Id.

Petitioner filed a fourth regional administrative remedy which was received on November 27, 2018, and rejected on December 10, 2018.  ECF No. 18-7 at 5.  The rejection notice advised Petitioner that the regional appeal was being rejected because Petitioner failed to provide a copy of the DHO report he wished to appeal or identify the charges and date of the DHO action.  Id.

### B.     Instant § 2241 Petition

As his sole ground for relief, Petitioner claims that the BOP violated his due process rights by failing to give him notice that he could be found guilty of a violation of Code 104, after only being charged with only a violation of Code 108. ECF No. 1 at 5.  In his petition, Petitioner did not indicate whether he had presented or exhausted his claims through the prison's internal grievance procedure, although he later stated that staff actions prevented him from pursuing any administrative remedies.  ECF No. 1 at 7 – 8.  Petitioner requests his conviction for violation of Code 104 be vacated and expunged from his central file, that his custody level score be recalculated, and that he be transferred to the appropriate level facility.  Id. at 8.

Respondent filed a motion to dismiss and memorandum in support thereof on April 12, 2019, which asserted that Petitioner was not entitled to relief for three reasons: (1) Petitioner received all the due process to which he was entitled; (2) there was sufficient evidence to support the decision of the DHO; and (3) Petitioner failed to exhaust his

administrative remedies. ECF Nos. 14, 15. Petitioner filed a response on May 15, 2019, along with several exhibits. ECF Nos. 18, 18-1 through 18-13.

## III. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary proceeding. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015). An inmate who is subject to a disciplinary conviction which results in a loss of good-conduct credit is entitled to the following for the minimum requirements of procedural due process:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>    of a fellow prisoner, or if that is forbidden, aid from staff or
>    a sufficiently competent inmate designated by staff; and
>
>  5. providing impartial factfinders.

Wolf v. McDonnell, 418 U.S. 539, at 564-566, 570-571; Burgess, 628 Fed. Appx. at 176 (quoting Wolff).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their

7

claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.   Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary

judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which

9

a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## ANALYSIS

Although the Court recognizes that § 2241 is the proper vehicle to challenge due process claims related to prison disciplinary proceedings, under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir.

10

2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

The petition clearly states that petitioner has not pursued the issues raised in the present petition through the prison's internal grievance procedure[3]. ECF No. 1 at 7. Moreover, Respondent argues that Plaintiff's failure to exhaust his administrative remedies in relation to the incident report precludes the filing of the instant petition. Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. In both his petition [ECF No. 1] and his response to the motion to dismiss [ECF No. 18], Petitioner claimed that BOP staff prevented him from exhausting his administrative remedies. However, Petitioner failed to state any specific actions which staff took or otherwise present any evidence showing cause and prejudice which might excuse his failure to administratively exhaust his claim prior to filing the instant action.

In one of his attachments, Petitioner asserted on September 28, 2018, that he timely filed his appeal through the institution mail system at FCI Allenwood. ECF No. 18-

---

[3] Moreover, it appears that Petitioner initiated his pursuit of administrative remedies at the regional level, through the filing of a BP-10 form. There is no evidence that Petitioner ever filed a BP-9 form, Administrative Remedy Request form, which is a prerequisite for the filing of a BP-10 form at the regional level. BOP Program Statement 1330.17, § 542.15, https://www.bop.gov/policy/progstat/1330_017.pdf Moreover, at the regional level, Petitioner filed four separate BP-10 forms, all of which were rejected based on Petitioner's failure to follow instructions for the filing of such form. Further, there is no evidence that Petitioner ever filed a BP-11 form to the General Counsel to dispute the rejection of his BP-10 form.

11

5 at 2.  However, the August 30, 2018, regional appeal rejection notice which Petitioner's September 28, 2018, letter responded to, clearly advised Petitioner that his appeal was untimely, as "regional appeals (BP – 10) must be received within 20 days of the warden/CCM response or receipt of the DHO report.  This time includes mail time." ECF No. 18-4 at 3.  By the date of Petitioner's letter, September[28, 2018, it is clear that his response to the August 30, 2018 rejection notice is untimely, regardless of mailing time.

As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).  Petitioner fails to assert any cause and prejudice which has precluded him from pursuing his administrative remedies, other than Petitioner claims that Respondent's "agents interefer[ed] . . . "through their varied m[a]chinations."  ECF No. 18 at 3.  Regardless, Petitioner makes no attempt to explain or excuse his failure to appeal the decision of the regional office to the national level.

Because Petitioner has failed to exhaust his administrative remedies and cannot

12

demonstrate cause and prejudice necessary to overcome his obligation to exhaust, dismissal of this action is appropriate.

Further, to the extent that Petitioner alleges that the BOP improperly changed his custody level classification [ECF No. 1 at 8], the same is not cognizable in a habeas petition. A federal prisoner has no constitutional right to a specific custodial security classification. Moody v. Daggert, 429 U.S. 78, 88, n 9 (1978). An inmate's classification is administrative and prison officials can change an inmate's security classification "for almost any reason or no reason at all." Brown v. Ratledge, No. 7-16-CV-00303, 2017 WL 4404248, at *7 (W.D. Va. Sept. 29, 2017, aff'd, 709 F. Appx. 215 (4th Cir. 2018) (per curiam) (unpublished) (citations omitted).

## V.  RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

This Court also **RECOMMENDS** that Respondent's "Motion to Dismiss or, Alternatively, for Summary Judgment" [ECF No. 14] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** October 31, 2019

*[signature]*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE